**EXHIBIT A**

JUN. 8. 2011 11:17AM    CIRCUIT CLERK                                    NO. 1273   P. 2

CASE 11-C-727                         KANAWHA                                    PAGE   1

TIMOTHY P. NOWLAN              vs.  JPMORGAN CHASE BANK, N.A.

| LINE | DATE | ACTION |
|------|------|--------|
| 1 | 05/05/11 | # ISSUED SUM & 2 CPYS; F FEE; RCPT 4722705; $145.00; CASE INFO |
| 2 | 05/05/11 | # SHEET; COMPLAINT |
| 3 | 05/13/11 | # LET FR SS DTD 5/10/11; SUM W/RET (5/10/11 SS) AS TO JPMORGAN |
| 4 | | # T CHASE BANK N.A. |
| 5 | 06/07/11 | # RET OF SERVICE OF SUM & C (6/3/11 SP) AS TO JPMORGAN CHASE BK. |

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305



9171 9237 9000 1000 4495 07



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

RECEIVED
Legal & Compliance - AH
Columbus, Ohio

MAY 16 2011

USPS _____ UPS/Fed Ex _____ Certified _√_
Served _____ Fax _____ eMail _____
I/O Mail: _____ Unknown _____

| | |
|---|---|
| ControlNumber: | 314211 |
| Defendant: | JPMorgan Chase Bank, N.A. |
| County: | 20 |
| | 5/10/2011 |
| Civil Action: | 11-C-727 |

JPMorgan Chase Bank, N.A.
1111 Polaris Parkway
Columbus OH 43240

I am enclosing:

| | | |
|---|---|---|
| _____ summons | _____ affidavit | _1_ summons and complaint |
| _____ notice | _____ answer | _____ summons and verified complaint |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ notice of materialmans lien |
| _____ suggestions | _____ notice to redeem | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ notice of uim claim |
| _____ discovery | _____ request for admissions | _____ subpoena duces tecum |
| _____ suggestee execution | _____ re-issue of uim claim | _____ Other |
| _____ subpoena | _____ writ | |
| _____ stipulation | _____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have
accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly
to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

*Sincerely,*

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

# S U M M O N S

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 11 -C- 727

TIMOTHY P. NOWLAN,

     **Plaintiff,**

v.                                 SUMMONS .

**JPMorgan Chase Bank, N.A.**
**1111 Polaris Parkway**
**Columbus, OH  43240,**

     **Defendant.**

To the above named Defendant:

     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **David L. Grubb and/or Kristina Thomas Whiteaker, Attorneys at Law,** Plaintiff's attorneys, whose address is **1324 Virginia Street, East; Charleston, WV 25301,** an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have asserted by counterclaim in the above-styled civil action.

Dated: *May 5, 2011*

                                    *Cathy S. Gatson*
         Clerk of Court

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

TIMOTHY P. NOWLAN,

     Plaintiff,

v.

                                                   Civil Action No. 11-C-727

JPMORGAN CHASE BANK, N.A.,

     Defendant.

## COMPLAINT

AND NOW comes Plaintiff herein, by counsel, and respectfully represents unto the Court as follows:

### Preliminary Statement

1.     This is an action for declaratory and injunctive relief, and money damages, filed pursuant to the West Virginia Consumer Credit and Protection Act ("WVCCPA") and applicable state common law theories of liability, and arising out of the practice characterized by the federal government as predatory lending.[1]

2.     Plaintiff's mother was an unsophisticated consumer and was induced into an exploitative loan through the misrepresentations of Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMorgan Chase Bank"), a large national lender.

3.     Thereafter, Defendant engaged in abusive and illegal loan servicing, including refusing to honor Plaintiff's payment plan to become current on the loan, threatening Plaintiff with illegal fees, misrepresenting that it would provide him with a loan modification, and then pursuing foreclosure on his home.

---

[1]  See HUD-Treasury National Predatory Lending Task Force, Joint Report: Curbing Predatory Home Mortgage Lending, available at http://hud.gov/library/bookshelf12/pressrel/treasrpt.pdf.

1

4.    Defendant discouraged Plaintiff from making his monthly payments pending approval of a loan modification, and refused to accept partial payments on the loan.

5.    Defendant, however, failed to act on the loan modification. Instead, while simultaneously reassuring Plaintiff that his modification was being processed, Defendant sent Plaintiff's home into foreclosure.   Even after sending a notice of foreclosure, Defendant continued to assure Plaintiff that alternatives to foreclosure were available.

6.    Plaintiff brings this action to save his home and for other appropriate relief.

7.    As a direct result of Defendant's unlawful, unfair, unconscionable, fraudulent, deceptive, reckless, willful and negligent actions, Plaintiff suffered monetary loss, consequential and incidental damages, compensatory damages, emotional and mental distress, aggravation, anxiety, annoyance and inconvenience.

### Parties

8.    Plaintiff Timothy P. Nowlan is a natural person residing in Kanawha County, West Virginia, and is a "consumer" pursuant to the WVCCPA.

9.    Plaintiff is unsophisticated in financial matters.

10.    Defendant is a foreign corporation doing business in West Virginia, including Kanawha County, with its principal place of business in Columbus, Ohio.

### Factual Background

11.    In or around 2006, Plaintiff's elderly mother, Edna Nowlan, was solicited for a refinance by Defendant that was predatory and exploitive.

2

12.     Specifically, Ms. Nowlan was advised that she could obtain money to consolidate and pay off her debts by refinancing her home.

13.     Ms. Nowlan agreed to refinance her home with Defendant in 2006.

14.     Upon information and belief, the refinanced amount was more than the actual total value of the Nowlan home.

15.     Ms. Nowlan passed away on April 9, 2008.

16.     Plaintiff, Ms. Nowlan's son, inherited the home that was refinanced with Defendant, and attempted to continue making the mortgage payments after her death.

17.     When Plaintiff got behind on his payments, he contacted Defendant and asked about a loan modification.

18.     After providing the requested documentation, Plaintiff was informed that he qualified for such a modification.

19.     Accordingly, he made payments pursuant to an agreed-upon trial plan for over six months.

20.     Plaintiff was informed that the loan modification would become permanent after three months, if he made his payments and submitted all necessary documentation.

21.     However, after paying the modified amount for over six months, Plaintiff received a letter from Defendant which stated that it was "sorry he was not interested in the trial plan."

22.     Plaintiff submitted requested paperwork to Defendant repeatedly, only to be told that he needs to send more paperwork.

23.     Frustrated and afraid of losing his home, Plaintiff even contacted the offices of Rep. Shelley Moore Capito for assistance.

24.     Approximately two weeks after contacting Rep. Capito, he received another letter congratulating him on qualifying for a loan modification.

25.     However, shortly thereafter, he began receiving letters again indicating that he was not making his payments.

26.     Plaintiff asked for documentation that Defendant was receiving his payments and showing where they were being applied, but did not receive any information.

27.     No representative of JPMorgan Chase Bank could confirm for him on the telephone that his payments were being received and applied to his account.

28.     Despite his efforts, in December 2010, Plaintiff once again received a letter informing him that he does not qualify for loan modification because he has not submitted the requested documentation.

29.     Further, Plaintiff has contacted Defendant many times and has been frustrated to be passed around to different service representatives, none of which seem to know what is going on with his loan.

30.     Plaintiff has submitted all requested documentation repeatedly.

31.     Defendant's actions were willful, wanton and/or carried out with reckless disregard for the rights of Plaintiff.

32.     As a result of Defendant's actions, Plaintiff suffered monetary loss, incidental, consequential, actual and compensatory damages, and emotional and mental distress, loss of use, aggravation, anxiety, annoyance and inconvenience.

## Claims for Relief

### First Claim

#### [Unconscionable Contract]

33.     Plaintiff realleges and incorporates each of the preceding paragraphs herein.

34.     Plaintiff's now deceased mother was an unsophisticated consumer with little understanding of financial matters.

35.     Ms. Nowlan was induced into the contract by Defendant's misrepresentations of the terms of the contract, including that the refinance was affordable and would allow her to pay off debt while keeping her home.

36.     The terms of the contract constituted an unfair surprise to Plaintiff, including the fact that Ms. Nowlan and Plaintiff received very little money and the payments were higher than expected.

37.     The loan provided to Plaintiff was induced by unconscionable conduct, under all the circumstances alleged.

### Second Claim

#### [Illegal Debt Collection]

38.     Plaintiff realleges and incorporates each of the preceding paragraphs herein.

39.     Defendant made misrepresentations in the collection of a debt in violation of *W. Va. Code* §46A-2-127.

5

### Third Claim

### [Breach of Contract – Deed of Trust]

40.     Plaintiff realleges and incorporates each of the preceding paragraphs herein.

41.     The law of contracts implies a duty of good faith and fair dealing into a party's exercise of its discretion under a contract.

42.     Plaintiff's contract with Defendant (the deed of trust) provides that before acceleration and foreclosure Defendant must give Plaintiff notice of the default, a description of the action required to cure the default, and an opportunity to cure the default.

43.     Plaintiff's contract with Defendant (the deed of trust) provides Defendant with the discretion to enter into loss mitigation, such as loan modification, with Plaintiff prior to pursuing foreclosure.

44.     In April 2009 and thereafter, it has been industry practice to engage in loss mitigation prior to pursuing foreclosure.

45.     Defendant breached its duties under the contract, including its duties to exercise its discretion in good faith, and thereby breached the contract by:

    (a)     discouraging Plaintiff from providing payments to his account;

    (b)     failing to properly apply Plaintiff's loan payments; and

    (c)     assuring Plaintiff that Defendant was working out a loan modification and simultaneously referring the home to foreclosure.

46.     Defendant's breaches were intentional, wanton, and/or reckless.

47.     Plaintiff was damaged as a proximate result of Defendant's breaches.

6

## Fourth Claim

### [Breach of Contract -- Payment Plan]

48.     Plaintiff realleges and incorporates each of the preceding paragraphs herein.

49.     Plaintiff entered into a contract with Defendant regarding payment modifications on his loan.

50.     Defendant promised that Plaintiff's loan payment would be permanently modified to a lower payment per month if he paid $332.94 per month in loan payments for a three month trial period.

51.     As instructed, Plaintiff complied with the terms of his loan modification and paid the trial payment amounts.

52.     Defendant breached the contract by refusing to permanently modify Plaintiff's loan payments as promised.

53.     As a result, Plaintiff's delinquency increased dramatically and his home was referred to foreclosure.

54.     Plaintiff was thus damaged by Defendant's breach of contract.

## Fifth Claim

### [Estoppel]

55.     Plaintiff realleges and incorporates each of the preceding paragraphs herein.

56.     Defendant's agents represented to Plaintiff that Defendant would modify Plaintiff's loan rather than pursue foreclosure, and instructed him to make modified payments under the trial plan.

57.     In reliance on Defendant's representations, Plaintiff made those payments on the loan.

58.     Plaintiff had a reasonable expectation that Defendant would provide him with a loan modification and not foreclose on his home, as promised.

59.     Plaintiff was injured by his reliance on Defendant's representations.

### Sixth Claim

### [Negligence]

60.     Plaintiff realleges and incorporates each of the preceding paragraphs herein.

61.     Defendant owed Plaintiff a duty to act with reasonable care in the servicing of Plaintiff's account.

62.     Defendant breached this duty when it gave Plaintiff conflicting information, required him to submit multiple loan modification packages, refused to reasonably and in good faith evaluate him for a loan modification after promising to do so, failed to properly post and account for Plaintiff's loan payments, and failed to otherwise appropriately service his loan.

63.     Defendant owed a duty to Plaintiff to provide him with accurate information about the status of his loan account and to provide accurate notice of any foreclosure action.

64.     Defendant represented to Plaintiff on multiple occasions that the loan modification was being processed, that a foreclosure would not occur, and that Defendant would provide assistance by modifying Plaintiff's loan.

65.     Despite Defendant's representations, Defendant continued to threaten to pursue a foreclosure sale of Plaintiff's property.

66.     Defendant's representations were false.

67.     Defendant's representations to Plaintiff and actions were negligent.

68.     Defendant's negligence was the proximate cause of damage to Plaintiff.

**Seventh Claim**

**[Negligent and/or Fraudulent Misrepresentations in Debt Collection]**

69.     Plaintiff realleges and incorporates each of the preceding paragraphs herein.

70.     Defendant made misrepresentations in an effort to collect on a debt, in violation of *W. Va. Code* §46A-2-127.

71.     Under the circumstances alleged, Defendant owed a duty to Plaintiff to provide him with accurate information about the status of his loan account.

72.     Defendant represented to Plaintiff that Defendant was providing him with a loan modification, rather than pursuing foreclosure.

73.     Defendant's representations were false.

74.     Defendant's misrepresentations to Plaintiff were negligent and/or knowing, reckless, or intentional.

75.     Defendant's misrepresentations were material.

76.     Plaintiff relied on Defendant's misrepresentations.

77.     Defendant intentionally pursued foreclosure on Plaintiff's property rather than processing him for a loan modification, inflicting significant damages.

78.    Plaintiff's reliance on Defendant's misrepresentations was thus to his detriment.

### Eighth Claim

### [Refusal to Provide Account Statement]

79.    Plaintiff realleges and incorporates each of the preceding paragraphs herein.

80.    Defendant failed and refused to provide an account history to Plaintiff in violation of *W. Va. Code* §46A-2-114(2).

81.    Defendant failed and refused to provide a statement of default charges to Plaintiff in violation of *W. Va. Code* §46A-2-115(d).

### PRAYER

**WHEREFORE,** Plaintiff respectively prays for the following relief:

1.    A declaration that Plaintiff's loan was induced by unconscionable conduct and/or contained unconscionable terms;

2.    A declaration that Defendant breached the contract as alleged;

3.    Actual damages equivalent to the amount paid plus amount claimed due under the loan;

4.    Actual damages for incidental and consequential damages;

5.    Civil penalties of $4,400.00 pursuant to *W. Va. Code* §§ 46A-5-101(1) and 106;

6.    Reasonable attorney's fees and costs of this litigation;

7.    Appropriate equitable relief enjoining the foreclosure sale of the home;

10

8.     That the Court enter a declaratory judgment, pursuant to *W. Va. Code* §55-13-1, *et seq.*, declaring the acts of Defendant to be in violation of the WVCCPA;

9.     That Plaintiff be awarded damages against Defendant, in an amount to be determined at trial, that fairly and reasonably compensate him for moneys lost as a result of Defendant's unlawful acts;

10.    That Plaintiff be awarded additional damages against Defendant, in an amount to be determined at trial, that fairly and reasonably compensate him for emotional and mental distress, loss of use, aggravation, anxiety, annoyance and inconvenience suffered as a result of Defendant's unlawful acts;

11.    That Plaintiff be awarded consequential and incidental damages against Defendant, in an amount to be determined at trial;

12.    That Plaintiff be awarded punitive damages against Defendant, in an amount to be determined at trial, for the willful, wanton and/or reckless disregard for his legal rights;

13.    That Plaintiff be awarded prejudgment and postjudgment interest on all of the aforementioned damages;

14.    That Plaintiff be awarded any and all additional damages, in an amount to be determined at trial; and

15.    That Plaintiff be awarded such further and general equitable and legal relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL OF ALL ISSUES SO TRIABLE.**

> **TIMOTHY P. NOWLAN**
> Plaintiff
> By Counsel

11

Kristina Thomas Whiteaker (State Bar No. 9434)
David L. Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP
1324 Virginia Street, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)