IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY P. NOWLAN,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:11-cv-00404

JP MORGAN CHASE BANK, N.A.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's "Partial Motion to Dismiss Counts I, II, III, VI, VII, and VIII of Plaintiff's Amended Complaint" [Docket 13]. For the reasons set forth below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

*I.  BACKGROUND*

This action arises from Plaintiff's allegations that Defendant practiced predatory lending when refinancing a home. Plaintiff inherited the home from his mother, Edna Nowlan, in 2008. In 2006, Ms. Nowlan refinanced her home with Defendant. Plaintiff states that the refinanced amount was more than the actual total value of the home. When Plaintiff took over the mortgage payments on the home in 2008, he claims that he contacted Defendant to discuss a loan modification. Defendant allegedly told Plaintiff that he qualified for the modification, Plaintiff made payments pursuant to a trial plan, but then allegedly received a letter from Defendant that oddly indicated Plaintiff was not interested in the trial plan. Plaintiff claims he submitted requested paperwork to Defendant on numerous occasions, only to be told he needed to submit

more paperwork, and eventually told that he did not qualify for the modification. Defendant also indicated to Plaintiff that he was not making payments, but when Plaintiff asked them for documentation concerning this, Defendant did not provide him with any.

Plaintiff filed his complaint in the Circuit Court of Kanawha County, West Virginia, on May 5, 2011. On June 8, 2011, the action was removed to this Court, on the basis of diversity of citizenship. The Court granted Plaintiff's motion to amend his complaint, and an amended complaint was filed on September 20, 2011.[1] Plaintiff asserts eight counts in the amended complaint: (1) unconscionable contract; (2) illegal debt collection; (3) breach of contract—deed of trust; (4) breach of contract—payment plan; (5) estoppel; (6) negligence; (7) negligent and/or fraudulent misrepresentations in debt collection; and (8) refusal to provide account statement.

On October 11, 2011, Defendant moved to dismiss the amended complaint for failing to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded to the motion on October 25, 2011; Defendant then replied on November 1, 2011.

## II. MOTION TO DISMISS STANDARD

A motion to dismiss for failure to state a claim is a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and tests the legal sufficiency of a complaint or pleading. Defendants' motion to dismiss must be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give

---

[1] Defendant filed an earlier motion to dismiss before the complaint was amended [Docket 5]. Because the amended complaint supersedes the original complaint and motions directed at superseded pleadings are to be denied as moot, Defendant's first motion to dismiss [Docket 5] is **DENIED AS MOOT**.

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Twombly* states that a well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). In testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in pleadings assumed to be true).

### III. DISCUSSION

#### A. Count I: Unconscionable Contract

In moving to dismiss Count I, Defendant contends that this count "does not contain any facts supporting its conclusory allegation that the loan was unconscionable." (Docket 13 at 4.) In response, Plaintiff argues that he "clearly alleges sufficient facts to make out his claim for unconscionable inducement into the contract." (Docket 16 at 7.) In particular, Plaintiff states that he "has raised factual allegations that he and his mother are unsophisticated consumers, while Defendant is a national corporation," that "the parties have unequal bargaining positions,"

and that "Defendant misrepresented the terms of the contract to Ms. Nowlan in order to induce her into the contract." (*Id.*)

West Virginia Code § 46A-2-121 provides the remedy for consumers who have entered into consumer loans either containing allegedly unconscionable terms or induced by allegedly unconscionable conduct. It states, in pertinent part:

> (1) With respect to a transaction which is or gives rise to a consumer credit sale, consumer lease or consumer loan, if the court as a matter of law finds:
>
>> (a) The agreement or transaction to have been unconscionable at the time it was made, or to have been induced by unconscionable conduct, the court may refuse to enforce the agreement, or
>>
>> (b) Any term or part of the agreement or transaction to have been unconscionable at the time it was made, the court may refuse to enforce the agreement, or may enforce the remainder of the agreement without the unconscionable term or part, or may so limit the application of an unconscionable term or part as to avoid any unconscionable result.
>
> (2) If it is claimed or appears to the court that the agreement or transaction or any term or part thereof may be unconscionable, *the parties shall be afforded a reasonable opportunity to present evidence* as to its setting, purpose and effect to aid the court in making its determination.

W. Va. Code § 46A-2-121 (emphasis added). As is clear from § 46A-2-121(2), in West Virginia "[u]nconscionability claims should but rarely be determined based on the pleadings alone." *Mallory v. Mortgage Am., Inc.*, 67 F. Supp. 2d 601, 612 (S.D. W. Va. 1999) (citing *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 292 (4th Cir. 1989)). Instead, when it is claimed that a contract or any clause thereof may be unconscionable, "the parties should be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court." *Id.* Against this backdrop, the Court is constrained to conclude that Plaintiff has alleged facts sufficient to demonstrate that the unconscionable conduct claim is plausible on its face. *See Twombly*, 550 U.S. at 570.

"Whether a particular term in a contract is unconscionable often depends on the circumstances in which the contract was executed or the fairness of the contract as a whole, and therefore [the] analysis necessarily includes an inquiry beyond the face of the contract." *Troy Mining Corp. v. Itmann Coal Co.*, 346 S.E.2d 749, 753 (W. Va. 1986). West Virginia courts further instruct that the unconscionability determination "must focus on the relative positions of the parties, the adequacy of the bargaining positions, and the meaningful alternatives available" to the plaintiff. *Art's Flower Shop, Inc. v. Chesapeake & Potomac Tel. Co.*, 413 S.E.2d 670, 675 (W. Va. 1991); *see also Hager v. Am. Gen. Fin., Inc.*, 37 F. Supp. 2d 778, 786 (S.D. W. Va. 1999). Succinctly stated:

> [G]ross inadequacy in bargaining power, together with terms unreasonably favorable to the stronger party, may confirm indications that the transaction involved elements of deception or compulsion or may show that the weaker party had no meaningful, no real alternative, or did not in fact assent or appear to assent to the unfair terms.

*Troy Mining Corp.*, 346 S.E.2d at 753 (quoting Restatement (Second) of Contracts § 234 cmt. d (1970)).

In support of Count I, Plaintiff states (1) that Ms. Nowlan was "an unsophisticated consumer with little understanding of financial matters," (2) that Ms. Nowlan was "induced into the contract by Defendant's misrepresentations of the terms of the contract, including that the refinance was affordable and would allow her to pay off debt while keeping her home," (3) that the "terms of the contract constituted an unfair surprise to Plaintiff, including the fact that Ms. Nowlan and Plaintiff received very little money and the payments were higher than expected," and (4) that the "loan provided to Plaintiff was induced by unconscionable conduct." (Docket 10 at 5.) Resolving all inferences in favor of Plaintiff, the Court cannot conclude that Plaintiff has failed to state an unconscionable contract claim.

Plaintiff has raised sufficient factual allegations to demonstrate a gross inadequacy of bargaining power because Plaintiff alleges that Ms. Nowlan was unsophisticated in financial matters. The amended complaint identifies Defendant as a large, national lender. (*Id.* at 1.) These allegations, taken in the light most favorable to Plaintiff, raise a question as to the parties' relative bargaining positions. *See Arnold v. United Companies Lending Corp.*, 511 S.E.2d 854, 861 (W. Va. 1998) (national corporate lender and unsophisticated, uneducated consumers is a "great disparity in bargaining power"). Furthermore, allegations that the terms of the contract were misrepresented and constituted an unfair surprise also indicate unconscionable conduct. Further, Plaintiff's allegation that the payments were higher than expected shows an allegation that "the transaction involved elements of deception." *Troy Mining Corp.*, 346 S.E.2d at 753. Plaintiff has thus raised sufficient factual allegations to show that the unconscionable contract claim is plausible on its face. *See Twombly*, 550 U.S. at 570. Defendant's motion to dismiss Count I is therefore **DENIED**.[2]

  B.  *Count III: Breach of Contract & Duty of Good Faith and Fair Dealing*

In Count III, Plaintiff asserts two claims under the heading "Breach of Contract—Deed of Trust": an express breach of contract claim and a claim that Defendant breached the implied covenant of good faith and fair dealing. In furtherance of these claims, Plaintiff contends that Defendant "breached its duties under the [deed of trust], including its duties to exercise its discretion in good faith . . . by . . . (a) discouraging Plaintiff from providing payments to his account; (b) failing to properly apply Plaintiff's loan payments; and (c) assuring Plaintiff that Defendant was working out a loan modification and simultaneously referring the home to foreclosure." (Docket 10 at 6-7.) Defendant challenges Count III, arguing that "it actually

---

[2] In its reply brief, Defendant withdrew the motion to dismiss counts II and VIII. Accordingly, Defendant's motion to dismiss these counts is **DENIED AS MOOT**.

6

alleges a breach of the duty of good faith and fair dealing, which is not an independent cause of action under West Virginia law." (Docket 13 at 5.)

West Virginia law "implies a covenant of good faith and fair dealing in every contract for purposes of evaluating a party's performance of that contract." *Stand Energy Corp. v. Columbia Gas Transmission*, 373 F. Supp 2d 631, 644 (S.D. W. Va. 2005) (quoting *Hoffmaster v. Guiffrida*, 630 F. Supp. 1289, 1291 (S.D. W. Va. 1986)). "[T]he West Virginia Supreme Court of Appeals has, however, 'declined to recognize an independent claim for a breach of the common law duty of good faith,' and has instead held that such a claim sounds in breach of contract." *Corder v. Countrywide Home Loans, Inc.*, No. 2:10-cv-0738, 2011 WL 289343, at *3 (S.D. W. Va. Jan. 26, 2011) (quoting *Doyle v. Fleetwood Homes of Va.*, 650 F. Supp. 2d 535, 541 (S.D. W. Va. 2009)); *see also Highmark W. Va., Inc. v. Jamie*, 655 S.E.2d 509, 514 (W. Va. 2007) ("[I]t has been held that an implied covenant of good faith and fair dealing does not provide a cause of action apart from a breach of contract claim."). Furthermore, "[t]he implied covenant of good faith and fair dealing cannot give contracting parties rights which are inconsistent with those [expressly] set out in the contract." *Barn-Chestnut, Inc. v. CFM Dev. Corp.*, 457 S.E.2d 502, 509 (W. Va. 1995).

Defendant contends that Count III asserts a claim for breach of duty of good faith and fair dealing without asserting a breach of contract claim. (Docket 13 at 6.) However, Plaintiff's allegation that Defendant failed to properly apply Plaintiff's loan payments may constitute an express breach of the deed of trust.[3] Further, Plaintiff's allegations that Defendant breached the implied covenant of good faith and fair dealing (by (1) discouraging Plaintiff from providing

---

[3] A deed of trust "is a deed that conveys title to real property in trust as security until the grantor repays the loan." *Arnold v. Palmer*, 686 S.E.2d 725, 733 (W. Va. 2009). Deeds of trust are subject to the principles of interpretation and construction that govern contracts generally. *Id.* Plaintiff's breach of contract claim for a violation of a specific claim in the deed of trust is appropriate. *See Mullins v. GMAC Mortg., LLC*, No. 1:09-cv-704, 2011 WL 1298777 (S.D. W. Va. Mar. 31, 2011).

7

payments to his account and (2) assuring Plaintiff that Defendant was working out a loan modification and simultaneously referring the home to foreclosure) support a contention that Defendant was confined to act toward her in a commercially reasonable manner. These alleged bad faith actions are related to the express breach of contract claim. Accordingly, the Court **DENIES** the motion to dismiss Count III.

### C. *Counts VI and VII: Negligence*

In Count VI, Plaintiff claims that Defendant breached its duty to act with reasonable care in the servicing of Plaintiff's account by giving Plaintiff conflicting information, requiring him to submit multiple loan modification packages, refusing to evaluate him for a loan modification after promising to do so, failing to properly post and account for Plaintiff's loan payments, and failing to otherwise appropriately service his loan. (Docket 10 at 8.) Plaintiff also states that Defendant's representations about the loan modification and the possibility of foreclosure were false and constituted negligence. (*Id.* at 9.) In Count VII, Plaintiff argues that Defendant's misrepresentations concerning the loan modification resulted in negligence. In its motion to dismiss, Defendant argues that Counts VI and VII fail to allege a tort independent from the existence of a contract. Also, Defendants assert that the claims fail because the facts alleged, if proven, would constitute a violation of the West Virginia Consumer Credit and Protection Act (WVCCPA), W. Va. Code §§ 46A-1-101, *et seq*.

In West Virginia, a plaintiff "cannot maintain an action in tort for an alleged breach of a contractual duty." *Lockhart v. Airco Heating & Cooling*, 567 S.E.2d 619, 624 (W. Va. 2002). Instead, "[t]ort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law *because of the relationship of the parties*, rather than from a mere omission to perform a contract obligation. *Id.* (emphasis added). The West Virginia Supreme Court of

8

Appeals has referred to this relationship as a "special relationship" between the parties. *See, e.g.*, *Aikens v. Debow*, 541 S.E.2d 576, 589 (W. Va. 2000). "The existence of a special relationship will be determined largely by the extent to which the particular plaintiff is affected differently from society in general." *Id.* "In the lender-borrower context, courts consider whether the lender has created such a 'special relationship' by performing services not normally provided by a lender to a borrower." *Warden v. PHH Mortgage Corp.*, No. 3:10-cv-00075, 2010 WL 3720128, at *9 (N.D. W. Va. Sept. 16, 2010) (citing *Glascock v. City Nat'l Bank of W. Va.*, 576 S.E.2d 540, 545-56 (W. Va. 2002)).

As in *Warden*, Plaintiff fails to allege that Defendant provided a service not normally provided by a lender in its position. For example, Plaintiff alleges that Wells Fargo accepted monthly mortgage payments, engaged in a temporary loan modification, denied a permanent loan modification, and ultimately foreclosed on her property. These are actions and services normally transpiring between a loan servicer and a borrower. As such, Plaintiff has failed to plead a special relationship that would create an independent duty sounding in tort. The only remaining duties between the parties are contractual, and they cannot provide the basis of a negligence action. Accordingly, there is no independent legal duty of care to support an action for negligence under the facts alleged in these counts.

Additionally, common law actions of fraud may be maintained against a lender where "direct allegations of fraud or misrepresentation exist separate from the [WVCCPA]." *Casillas v. Tuscara Land Co.*, 412 S.E.2d 792, 295 (W. Va. 1991). The factual allegations in Counts VI and VII are actionable under the WVCCPA. Plaintiff even specifically cites to one provision of the WVCCPA in Count VII, W. Va. Code § 46A-2-127 (entitled "Fraudulent, deceptive or misleading representations). Plaintiff has failed to allege an action independent of the

WVCCPA. *See Koontz v. Wells Fargo, N.A.*, No. 2:10-cv-864, 2011 WL 1297519 (S.D. W. Va. Mar. 31, 2011).

For these reasons, the Court **GRANTS** Defendant's motion to dismiss Counts VI and VII of the amended complaint.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [Docket 13] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Counts VI and VII, and those counts of the amended complaint are **DISMISSED**. The motion is **DENIED** as to the remaining counts, and this action will proceed on these claims.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 26, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE